# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| WILLIAM J. SEARCY, JR., ) | |
| ) | |
| Plaintiff, ) | No. 3:14-cv-01889 |
| ) | Judge Sharp |
| v. ) | |
| ) | |
| SOUTHERN HEALTH PARTNERS ) | |
| and GILENE GARDNER, ) | |
| ) | |
| Defendants. ) | |

## M E M O R A N D U M

Plaintiff William J. Searcy, Jr. (#499822), proceeding *pro se* and *in forma pauperis*, is an inmate at the Wilson County Jail in Lebanon, Tennessee. He brings this *pro se* action under 42 U.S.C. § 1983, asserting Eighth Amendment claims against defendants Southern Health Partners and Gilene Gardner, seeking three million dollars in damages. (Docket No. 1).

**I.  Prison Litigation Reform Act Standard**

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss *sua sponte* any *in forma pauperis* or prisoner's complaint if the complaint is determined to be frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A, § 1915(e)(2), and 42 U.S.C. § 1997e. The court must read the plaintiff's *pro se* complaint indulgently, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept the plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

**II.  PLRA Screening**

A screening of the complaint in this case reveals that the plaintiff brings civil rights claims

against Southern Health Partners, presumably the entity in contract with Wilson County to provide medical care to inmates at the Wilson County Jail, and Gilene Gardner, a nurse formerly employed by Southern Health Partners, based on events that allegedly occured on May 2, 2014. (Docket No. 1 at p. 5). The plaintiff alleges that, on that day, defendant Gardner gave the plaintiff the wrong prescription medication which resulted in the plaintiff's hospitalization. (*Id.*)

A review of the court's records shows that, on June 5, 2014, the plaintiff brought an action against the Southern Health Partners alleging the same facts as those raised in the instant complaint. *See William Searcy, Jr. v. Southern Health Partners*, No. 3:14-cv-01269 (M.D. Tenn. 2014)(Campbell, J.). On July 7, 2014, the court dismissed that action for failure to state claims upon which relief can be granted, finding that the plaintiff had failed to show that Southern Health Partners acted with deliberate indifference to the plaintiff's serious medical needs. (Docket Nos. 16 and 17).

The broad doctrine of *res judicata* encompasses both claim preclusion (*res judicata*) and issue preclusion (collateral estoppel). *J.Z.G. Res., Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 214 (6th Cir. 1996). Under claim preclusion, a final judgment on the merits bars any and all claims by the parties or their privies based on the same cause of action, as to every matter actually litigated, as well as every theory of recovery that could have been presented. *Id.* Under issue preclusion, once an issue actually is determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action when used against any party to the prior litigation. *Montana v. United States*, 440 U.S. 147, 152-54 (1979). Dismissal with prejudice is considered a final judgment on the merits for purposes of *res judicata*. *See Haddad v. Mich. Nat'l Corp.*, 34 Fed. Appx. 217, 218 (6th Cir. 2002)(citing *Matter of W. Tex. Mktg. Corp.*, 12 F.3d 487,

501 (5th Cir. 1994)).

After reviewing the plaintiff's instant complaint, it appears that the plaintiff has simply restated the same or similar allegations against the same defendant stemming from the prescription medication incident in May 2014. As to that defendant, Southern Health Partners, the court has already rendered a final decision on the merits regarding the plaintiff's claims. As a result, the instant claims are barred by the doctrine of *res judicata*. Additionally, all theories of recovery related to the May 2014 incident that could have been presented to the court in the plaintiff's prior lawsuit, such as the plaintiff's federal claims against Gilene Gardner, are barred by the doctrine of *res judicata*.

Because the plaintiff's claims are barred by the doctrine of *res judicata*, the court finds that the plaintiff's instant complaint fails to state a claim upon which relief can be granted. As such, the complaint must be dismissed.

### III. Conclusion

For these reasons, the court finds that the plaintiff's complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983. 28 U.S.C. § 1915A. In the absence of an actionable claim, the court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2). Accordingly, the plaintiff's complaint will be dismissed.

An appropriate Order will be entered.

_____
Kevin H. Sharp
Chief United States District Judge